UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PEERLESS INSURANCE COMPANY | : | |
| | : | |
| VS. | : | C.A. NO.: 06-476 |
| | : | |
| ERYK PAQUETTE AND | : | |
| EUGENE C. WELCH | : | |

**MOTION OF PLAINTIFF UNDER RULE 17(c)**
**FOR THE COURT TO MAKE SUCH ORDER IT DEEMS PROPER**
**TO PROTECT THE MINOR DEFENDANT, ERYK PAQUETTE**

Now comes the plaintiff, Peerless Insurance Company, in this declaratory judgment action and respectfully requests that this Honorable Court determine whether a guardian ad litem should be appointed for the minor defendant pursuant to Rule 17(c). Upon information and belief, defendant, Eryk Paquette, is presently 16 years old as his date of birth is June 13, 1990. No answer has been filed on his behalf, and, therefore, it is requested that a hearing be held to assess the need for a guardian ad litem or such other protective order pursuant to Rule 17. In further support hereof, plaintiff relies upon the attached memorandum of law.

/s/ Kevin J. Holley
Kevin J. Holley #4639
Attorney for Plaintiff
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
Direct Dial : (401) 521-2622
Fax: (401) 521-6901

CERTIFICATION

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record and mailed a copy to Eryk Paquette, 715 North Main Street, Fall River, MA 02722. The document is available for viewing and downloading through the ECF system.

/s/ Kevin J. Holley
Kevin J. Holley #4639

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PEERLESS INSURANCE COMPANY | : | |
| | : | |
| VS. | : | C.A. NO.: 06-476 |
| | : | |
| ERYK PAQUETTE AND<br>EUGENE C. WELCH | :<br>: | |

**PLAINTIFF PEERLESS INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION UNDER RULE 17(c)**

This case arises out of a contract of insurance between the plaintiff, Peerless Insurance Company (hereinafter "Peerless"), and its insured Lori Humes-Page. Ms. Page has been named as a defendant in a Rhode Island Superior Court action as a result of a motor vehicle accident that allegedly occurred on April 13, 2006. The plaintiff in the underlying Superior Court action is Eugene Welch, who is the co-defendant in this declaratory judgment action. Mr. Welch alleges that he received personal injuries as a result of Eryk Paquette's negligent operation of the Page vehicle.

Mr. Paquette has sought coverage under the Page policy with Peerless, and Peerless has provided Mr. Paquette with a defense subject to this declaratory judgment action. It is the position of Peerless that there is no coverage for Mr. Paquette because at the time of the incident he was an underage, unlicensed driver and, therefore, as a matter of law, he could not have had a reasonable belief that he was entitled to operate the vehicle. The Peerless policy specifically excludes coverage when the operator is "using a vehicle without a reasonable belief that that 'insured' is entitled to do so."

Mr. Paquette was served with the summons and complaint on November 13, 2006 but has failed to file an answer. Rule 4 of the Federal Rules of Civil Procedure mandates that state law controls service over a minor. Mr. Paquette was served at his home in Fall River, Massachusetts, and Massachusetts Rule of Civil Procedure 4(d)(1)

allows for service on a minor. The Reporter's Notes following Massachusetts' Rule 4(d)(1) specifically state that "an infant or an incompetent must be served like any other defendant, and service must precede the appointment of a guardian ad litem." (Citations omitted.)

Need for protection of the minor defendant
PURSUANT TO RULE 17(C)

"The purpose of Rule 17(c) is to further the child's interest in prosecuting or defending a lawsuit, or at least to allow an evaluation of the merits of the suit relative to the child's best interest." Gardner v. Parson, 874 F.2d 131, 140 (3rd Cir. 1989). "Thus, under Rule 17(c), a Court may appoint a guardian, or it may decline to do so if the child's interests may be protected in an alternative manner." Id.

> [U]nder Rule 17(c), the district courts have inherent authority and discretion to determine:
>
> (a) Whether a guardian ad litem needs to be appointed to protect the interests of the minor or incompetent person, and if so, who will be appointed to best serve in that capacity;
>
> (b) Whether the guardian ad litem will be compensated for his services; and if so, the basis upon which the value of such services shall be determined, so long as the guardian ad litem is acting in his guardian ad litem capacity and not in any attorney ad litem capacity; and
>
> (c) Whether the compensation payable to the guardian ad litem will be treated (1) as a court cost to be taxable against the nonprevailing party or (2) as an expense to be payable out of any funds recovered by or payable to the minor or incompetent person on whose behalf the guardian ad litem was appointed.

Gaddis v. United States, 381 F.3d 444, 455 (5th Cir. 2004).

THE MINOR'S INTERESTS ARE PROTECTED BY HIS CO-DEFENDANT, AND, THEREFORE, A GUARDIAN AD LITEM IS NOT NECESSARY

The sole issue in this declaratory judgment action is whether the exclusion in the policy applies resulting in no insurance coverage for the minor driver. The issue is whether the minor defendant had a "reasonable belief that [he was] entitled to [use the

Page vehicle].” It is in the best interest of the co-defendant (alleged injured party), Eugene Welch, to “stand in the shoes” of the minor defendant driver and attempt to show that the driver was covered under the policy and entitled to insurance coverage through Peerless for the co-defendant’s injuries. As such, it is the plaintiff’s position that the interests of the minor defendant will be protected by the co-defendant in this matter and no guardian ad litem is necessary.

CONCLUSION

For the above-stated reasons, the plaintiff respectfully requests that this Honorable Court hold a hearing to determine whether a guardian ad litem should be appointed to protect the defendant minor’s interest or whether the involvement of co-defendant, Eugene Welch, is sufficient to protection.

Respectfully submitted,

/s/ Kevin J. Holley
Kevin J. Holley #4639
Attorney for Plaintiff
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
Direct Dial : (401) 521-2622
Fax: (401) 521-6901

CERTIFICATION

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record and mailed a copy to Eryk Paquette, 715 North Main Street, Fall River, MA 02722. The document is available for viewing and downloading through the ECF system.

/s/ Kevin J. Holley
Kevin J. Holley #4639